**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAVIER GARCIA, | : |
| Plaintiff, | : Civil Action No. 20-7902 (MAS) (DEA) |
| v. | : **MEMORANDUM AND ORDER** |
| DARYL MCDOWELL, et al., | : |
| Defendants. | : |

Pro se Plaintiff Javier Garcia, a pretrial detainee currently confined at Middlesex County Adult Correction Center in New Brunswick, New Jersey, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of their inmate trust fund account statement for the six-month period immediately preceding the filing of their complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which they are or were confined. *Id.*

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full

$400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Mr. Garcia may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

In this action, Mr. Garcia failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a). Specifically, he neither used the appropriate form for *pro se* prisoner cases nor did he submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). Although Mr. Garcia did submit an account statement, it was not certified by an authorized prison official. Accordingly, his *in forma pauperis* application does not satisfy the statutory requirements.

Additionally, the Court notes that Mr. Garcia's complaint lists eight other incarcerated individuals as "plaintiffs," but only Mr. Garcia has submitted an *in forma pauperis* application.

(Compl., ECF No. 1 at 2.)  Where more than one prisoner seeks to join in a complaint against a government official or entity, the plaintiffs may prepay a single $400.00 filing fee or they must each file an *in forma pauperis* application.  *Hagan v. Rogers*, 570 F.3d 146, 154–55 (3d Cir. 2009).  Thus, if the complaint is intended to be filed on behalf of Mr. Garcia and each of the "plaintiffs" he lists in the complaint, they must either pay the filing fee or each submit a complete *in forma pauperis* application with the Court.  *Id.* at 155–56; *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 551 (D.N.J. 2011).

**IT IS** therefore on this ___3rd___ day of ___August___, 2020,

**ORDERED** that Mr. Garcia's application to proceed *in forma pauperis* is hereby **DENIED WITHOUT PREJUDICE**;

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; Mr. Garcia is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs[.]");

**ORDERED** that the Clerk shall send Mr. Garcia the form entitled Affidavit of Poverty and Account Certification (Civil Rights) (DNJ ProSe 007 A (Rev. 5/13)) to be used in any future application to proceed *in forma pauperis*;

**ORDERED** that if Mr. Garcia wishes to reopen this case, he shall so notify the Court, in writing, within forty-five (45) days of the date of entry of this Order; Mr. Garcia's writing shall

include either (1) a complete, signed *in forma pauperis* application, including a proper, certified six-month prison account statement, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee;

**ORDERED** that if the complaint is intended to be filed on behalf of the other "plaintiffs" listed in the complaint and they seek to proceed *in forma pauperis*, each individual must submit their own *in forma pauperis* application within forty-five (45) days of the date of entry of this Order;

**ORDERED** that if Mr. Garcia intends to pursue this complaint on his own, he should indicate so in writing to the Court;

**ORDERED** that upon receipt of a writing from Mr. Garcia stating that he wishes to reopen this case, and either a complete *in forma pauperis* application or payment of the filing and administrative fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Mr. Garcia by regular mail.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**